

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable Gibb Gilchrist, President
Agricultural & Mechanical College of Texas
College Station, Texas

Dear Sir:

Opinion No. O-6270
Re: Power of the Board of Direc-
tors of the Agricultural & Mechan-
ical College of Texas to agree to
a revision of contract rates re-
troactively, or to compromise and
settle differences existing as to
the meaning and construction of
a contract in order to reach a
final settlement of such contract.

By your letters of November 8, 1944, and November 20,
1944, you request the opinion of this office upon the following
questions:

"1. Is the Board of Directors of the College
empowered to agree to a revision of the rates in
the contract effective retroactively so as to make
possible a settlement with the United States govern-
ment on the basis of actual costs of the services
rendered?" (The contract referred to is described
in A. G. opinion No. O-6230).

"2. In view of the differences between the
College and the Navy Department regarding the con-
struction of the contract in question, is the Board of
Directors of the College empowered to compromise these
differences if possible and reach a final settlement
of this contract, provided such settlement protects
the interests of the State of Texas and its tax pay-
ers, and entails no loss to the College?"

Governing Boards of State educational institutions
in Texas possess and exercise powers delegated to them by the
Legislature. The Governing Board of the Agricultural and Me-
chanical College of Texas is called the Board of Directors

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Gibb Gilchrist - page 2

and the powers delegated to such board by the Texas Legislature are to be found in the provisions of Title 45 of Vernon's Annotated Civil Statutes of Texas. Chapter 2 of Title 49, V. A. C. S. is devoted entirely to statutes relating to the Agricultural and Mechanical College of Texas, and Article 2613 of said chapter and title sets out specifically certain powers and duties of the Board of Directors of the Agricultural and Mechanical College. Other articles within this chapter confer upon the Board of Directors further stated powers, as for example, the powers to contract for permanent improvements upon the campus of the College and for the issuance of bonds, etc. Chapter 9A of Title 49, V. A. C. S. is a compilation of statutes delegating to the Governing Boards of State educational institutions including the Agricultural and Mechanical College powers and responsibilities as to funds belonging to such institutions.

The enumeration of the powers and duties of the Board of Directors of the Agricultural and Mechanical College of Texas contained in Article 2613, supra, are more detailed and more specific in tone than are similar articles relating to other Texas educational institutions. It does not follow, however, that for this or any other reason the powers and duties conferred are to be construed so strictly or literally as to limit the authority of the Board of Directors to the specific matters therein referred to. The statutes are to be construed liberally to effectuate the broad purpose outlined by the legislative enactment. Under such construction it is clear that the legislature has conferred upon the Board of Directors of the Agricultural and Mechanical College of Texas full powers to manage and control the physical, educational and business affairs of the College, in such manner and to such extent as in its judgment will best promote the progress and welfare of the institution.

Hence the Board of Directors have the right, the power and the duty to enter into and execute contracts relating to the business and educational affairs of the College. This includes the power to modify or readjust contracts already entered into when in the judgment of the Board the best interests of the College demand or require such modification or readjustment.

Such power is to be exercised within the limitations of the Constitution of Texas which of course even the legislature cannot change or mitigate.

Art. 3, sections 44, 51, 53 and 55 of the Constitution prohibits the state from: revising contracts in such manner as

Honorable Gibb Gilchrist - page 3

to grant or pay out money of the State of Texas not provided for by pre-existing law; or the granting of extra compensation fee or allowance after service has been rendered or contract entered into; or to release or extinguish in whole or in part the indebtedness, liability or obligation of any corporation or individual to this State or any county or municipal corporation in the state.

Thus if revision of rates amounts to payment of claim, granting of state money (property of a state educational institution being property of the state, Walsh et al v. University of Texas, 169 S.W. (2d) 993) or the extinguishment or release of indebtedness due the college or the violation any of the constitutional mandates mentioned, the revision is unlawful.

If on the other hand the revision is in fact a construction and interpretation of the contract in order to make it speak the true meaning of the intention of parties entering into it, the Board of Directors are empowered to construe, interpret and modify it; Rhoades Drilling Co. et al v. Allred, 70 S.W. (2d) 576.

The constitutional provisions referred are to be kept in mind in relation to your second question as well as to your first question. Our answer to the second question which follows assumes that the Board of Directors actions in compromise and settlement are within the constitutional limitations.

It is our view that the answer to your second question is to be found within the powers, described above, conferred by the legislature upon the Board of Directors of the Agricultural and Mechanical College to control, provide for and manage the business and educational affairs of the College. As we have pointed out herein these powers include the right to enter into, execute, modify, contracts by or for the benefit of the College. Rhoades Drilling Co. v. Allred, supra. It has been held that the governing boards of State educational institutions acting under their delegated powers are acting in a legislative capacity and that such acts are not subject to review by the courts except in case of palpable abuse, Splawn et al v. Woodard, et al 287 S.W. 677, see also Foley v. Benedict 55 S.W. (2d) 805. Acts of such governing boards, are at all times subject to review by the legislature.

Honorable Gibb Gilchrist - page 4

We think that it necessarily follows that the Board of Directors of the College must construe and interpret its contracts in accordance with its judgment as to their meaning. It is our opinion that the Board of Directors of the Agricultural and Mechanical College is empowered to compromise differences arising out of the construction and interpretation of its contracts and to reach a final settlement which in its judgment will best protect the interests of the Agricultural and Mechanical College and the State of Texas, within the limitations set forth in this opinion.

We trust this sufficiently answers your questions.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Robert F. Cherry
Assistant

NOV 29 1944

RFC:lw:ddt



APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN